**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOANNA NIEWIADOMSKI, *also known as* JOANNA M NIEWIADOMSKI,<br><br>Petitioner,<br><br>v.<br><br>STATE OF NEW JERSEY, *et al.*,<br><br>Defendants. | Civil Action No. 25-15745 (GC)<br><br>**OPINION** |

**CASTNER, District Judge**

      **THIS MATTER** comes before the Court on an amended petition for writ of habeas corpus (Amended Petition) pursuant to 28 U.S.C. § 2241 (§ 2241) (ECF No. 4), an application to proceed *in forma pauperis* ("IFP") (IFP Application) (ECF No. 4-1), a motion docketed as a "MOTION for Emergency Stay of State Court Proceedings, Warrants, and Bail Enforcement" (Motion for Emergency Stay) (ECF No. 2), and a "Request for Immediate Ruling on 2 Emergency Motion to Stay State Court Proceedings" (Request for Immediate Ruling) (ECF No. 6) filed by *pro se* Petitioner Joanna Niewiadomski. Petitioner has submitted other filings in support of the requested relief. (*See* ECF Nos. 1-1, 1-2, 1-3, 14, 1-5, 6.) The Court **GRANTS** Petitioner's IFP Application. In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), the Court has carefully considered the Amended Petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." The Court has also considered the Motion for Emergency Stay, the Request for Immediate

Ruling, and Petitioner's other submissions. For the reasons set forth below, and other good cause shown, the Amended Petition is **DISMISSED without prejudice**, the Motion for Emergency Stay is **DENIED**, the Request for Immediate Ruling is **DENIED as moot**, and no certificate of appealability shall issue.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

In her Amended Petition, Petitioner names as Respondents the State of New Jersey and Hillsborough Township Court. (ECF No. 4 at 1.) The Amended Petition alleges four grounds for relief, recited herein verbatim:

> **GROUND ONE:** Lack of Service and Void Warrants
>
> Petitioner has never been lawfully served with summons, tickets, or complaints in matters originated from Hillsborough
>
> (b) Supporting facts (*Be brief. Do not cite cases or law.*):
>
> Township or Montgomery Township
>
> Arrest warrants (dated July 23 case SL024-55 were issued without lawful notice or verified complaint
>
> **GROUND TWO:** ADA violations and Retaliation
>
> (b) Supporting facts (*Be brief. Do not cite cases or law.*):
>
> - Multiple ADA accommod. requests (January 2005 onward) were ignored or denied
>
> - Hearings proceeded in secret or without notice, directing contradicting ADA Title II protections
>
> - Petitioner suffered medical emergency following June 23/25 hearing
>
> **GROUND THREE:** Judicial Conflict of Interest and Structural Bias
>
> (b) Supporting facts (*Be brief. Do not cite cases or law.*):

2

- Judge F. Taddeo compensated by multiple townships while presiding over cases benefiting those municipalities

- Creates unconstitutional pecuniary interest (Caperton v. Massey, 556 U.S. 868 (2003))

**GROUND FOUR:** Fraudulent Docketing and Misidentification

(a) Supporting facts (*Be brief. Do not cite cases or law.*):

- Superior Court docket SOM-0001086-25 created under misidentified ALL CAPS name, tied to petitioner's private email without consent

- Petitioner filed Administrative Vacatur Demand (Aug 12/25) citing improper service, ADA non compliance no jurisdiction

- Fraudulent docket renders all resulting orders void ab initio

(ECF No. 4 at 6-8.) Petitioner further refers to "Retaliatory Enforcement and Ongoing Threat of Arrest." (*Id.* at 8.)

According to Petitioner, she presented all four grounds in all appeals that were available to her. (*Id.* at 6-8.) Petitioner indicates that she is not currently incarcerated but is subject to "ongoing warrants, bail, and threat of arrest." (*Id.* at 1.) Petitioner states that she is challenging unlawful restraints on her liberty, including coercive court orders and outstanding warrants issued without lawful service, resulting from the decisions or actions of the Hillsborough Municipal Court and Somerset Superior Court, and she lists six docket numbers (SOM-2001086-25, S2025-000055, 1810-E24-003071, 1810-E24-003072, *1810-E24-003073, 1813-E25-0061g). (*Id.* at 2.) Petitioner also indicates that: (1) on July 25, 2025, she filed a motion to stop or void the warrant due to ADA (Americans with Disabilities Act) and due process violations, but the motion was never docketed and there was "no result," and she then filed a motion with the Somerset Superior Court on September 11, 2025 to vacate void judgments, strike warrants, dismiss cases, demand proof of authority, notice of default, and sanctions or fraud; and (2) Petitioner filed an appeal with

3

the "Ombudsman" of "New Jersey Somerset" on August 12, 2025, the result was "N/a," and she filed a complaint, but, instead of adjudicating her complaint, the Superior Court issued an order on September 9, 2025 "barring JOANNA NIEWIADOMSKI from submitting filings." (*Id.* at 2-3.)

In the Amended Petition, Petitioner states the following under the **"Request for Relief"** section (recited verbatim):

> Repeated police stops and arrests, without lawful warrants (e.g. January 25, 2024 stop at 2 am, April 2023 stop with three cars patrols)
>
> - Continuing harm from unlawful restraint and a threat of future arrest.
> violation 42 U.S.C. § 1983, 18 U.S.C. §§ 241, 242

(*Id.* at 8.)

In her Motion for Emergency Stay, Petitioner states that her motion arises from proceedings under Somerset County Superior Court Dockt No. SOM-L-001086-25, which is related to five Municipal Court proceedings (S2024-000055, 1810-E24-003071, 1810-E224-003072, 1810-E24-003073, and 1813-E25-000619).[1] (ECF No. 2 at 3.)

Petitioner claims that, on or about July 21, 2025, a bench warrant was issued in Hillsborough Municipal Court. (*Id.*) According to Petitioner, the warrant was issued when Petitioner was in Mercer County custody undergoing a court-ordered medical evaluation, and no lawful summons, complaint, or notice was ever served. (*Id.*) In addition, requests for certified copies of warrants, bonds, and surety documentation made on July 25, 2025 and September 9, 2025 were allegedly ignored, and the copy of the warrant mailed on September 9, 2025 did not

---

[1] Petitioner moves for relief as "Joanna=Malgorzata: Niewiadomski, the living woman, specially appearing and not consenting to joinder, who clarifies that she is not the corporate or legal entities styled 'JOANNA M NIEWIADOMSKI,' Joanna Niewiadomski,' 'JOANNA NIEWIADOMSKI,' or 'NIEWIADOMSKI, JOANNA." (ECF No. 2 at 3.)

4

include a bond, security, or a supporting affidavit (allegedly violating N.J. Stat. Ann. § 17:31-1, N.J. Stat. Ann. § 17:17-1, and federal due process protections). (*Id.*) Furthermore, Petitioner asserts that $2500 bail was demanded without a hearing, findings, or accommodations, in violation of 42 U.S.C. § 12132 and due process. (*Id.*)

According to the Motion for Emergency Stay, on September 9, 2025, the Somerset County Superior Court entered an order labeling her "vexatious" and restricting Petitioner's filings. (*Id.* at 4.) However, Petitioner claims that no summons or complaint had been filed to initiate a civil action to deem her vexatious and that the docket was created with no adversarial parties, rendering the proceeding void. (*Id.*) Furthermore, the order was allegedly entered "without service," without a hearing, and mailed the next day "to a private residence under misidentified names ("JOANNA NIEWIADOMSKI," "Joanna Niewiadomski")), despite prior written notices that Petitioner appears only as "Joanna=Malgorzata: Niewiadomski." (*Id.*) Petitioner asserts that this conduct constitutes fraud on the court, retaliation under the ADA, and violates her First Amendment right to petition, 42 U.S.C. § 1983 and 18 U.S.C. § 241 and 242. (*Id.*)

Finally, Petitioner moves for an emergency stay on the grounds that the "shifting of names between ALL-CAPS, mixed case, and inverted surname [in her judicial proceedings shows] intentional manipulation of captions, parties, and jurisdiction." (*Id.* (alleging *inter alia* that a July 21, 2025 municipal arrest warrant was issued against "the ALL-CAPS entity 'JOANNA M NIEWIADOMSKI'").) According to Petitioner, she has repeatedly provided notice that "she appears only as Joanna=Malgorzata: Niewiadomski, the living woman, in special appearance" and that such misidentifications and shifting captions destroy jurisdiction, render proceedings void, violate due process under the Fourteenth Amendment, and constitute fraud upon the court. (*Id.* at 5.)

5

In her Motion for Emergency Stay, Petitioner asks this Court to: (1) issue an immediate stay of all enforcement of the July 21, 2025 municipal warrant and $2500 bail order; (2) stay the Superior Court order restricting her filings; (3) compel production within seventy-two (72) hours of all related bonds, sureties, oaths of office, warrants and service records; (4) enjoin Respondents from further enforcement or retaliation against Petitioner pending a hearing; (5) accept removal of "this matter" under 28 U.S.C. § 1443 due to ongoing civil rights violations; and (6) grant any other relief the Court deems just. (*Id.* at 5-6.)

Petitioner's initial habeas petition was received on September 17, 2025. (ECF No. 1.) Petitioner named as Respondents the State of New Jersey, Hillsborough Township Municipal Court, Somerset County Superior Court, and "all officers acting under color of law." (*Id.* at 1.) Petitioner also submitted with the petition her Motion for Emergency Stay, an IFP application, an affidavit of truth and factual declaration, a proposed order compelling production of records, exhibits, a cover letter, and a proposed order. (ECF Nos. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6 & 2.) On September 18, 2025, the Court entered a text order stating that Local Civil Rule 81.2(a) provides in relevant part, that, '[u]nless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk." (ECF No. 3.) Because Petitioner did not use the habeas form supplied by the Clerk for § 2241 petitions, the Clerk of the Court was directed to mail her the requisite form. (*Id.*) Furthermore, Petitioner did not use the proper IFP application, and the Clerk accordingly was instructed to send her the proper form application to proceed IFP by an individual in a habeas case. (*Id.*)

Petitioner's Amended Petition and IFP Application, which used the requisite forms, were received on September 22, 2025. (ECF Nos, 4-5.) On the same day, Petitioner filed her Request

6

for Immediate Ruling, stating that an active arrest warrant remains outstanding, which creates an imminent risk of unlawful detention and irreparable harm. (ECF No. 5 at 2.) On September 24, 2025, Petitioner filed a document docketed as a "SUPPLEMENTAL NOTICE of Filings Sequence and State Court Irregularity." (ECF No. 6.) In this filing, Petitioner notes that the Somerset County Superior Court sent her a notice with the wrong address (the "4" and "1" were transposed in her house number). (*Id.* at 2.). Petitioner did not open the envelope, marked it "NOT AT THIS ADDRESS – RETURN TO SEND," and returned the mailing to the United Sates Post Service. (*Id.*) Petitioner presents this incident as another instance of "impropriety." (*Id.* at 3.)

## II. **LEGAL STANDARD**

Under 28 U.S.C. § 2241, habeas relief may be extended to a prisoner only when she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n.5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal

courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit in *Moore* held that, although federal district courts have jurisdiction to hear the habeas challenges of state pretrial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443 (citations omitted). Thus, where no exceptional circumstances are present and a petitioner seeks to litigate the merits of a constitutional defense to a criminal charge, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting her claim to the highest state court. *Id.* (citation omitted).

To secure the extraordinary relief of a temporary restraining order ("TRO") or preliminary injunction, a plaintiff must demonstrate that "(1) [she] is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants] [sic]; and (4) granting the injunction is in the public interest." *Barber v. Sharp*, No. 10–5286, 2011 WL 2223651, at *15 (D.N.J. June 2, 2011) (alterations added) (citing *Maldonaldo v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998) (as to preliminary injunction); *Ballas v. Tedesco*, 41 F. Supp. 2d 531, 537 (D.N.J. 1999) (as to TRO)).

### III. <u>DISCUSSION</u>[2]

Petitioner challenges the "unlawful restraint on [her] liberty" based on pending state court criminal proceedings.[3] (*See* ECF No. 4 at 1.) According to Petitioner, her habeas claims have

---

[2]  The Court grants Petitioner's IFP Application. *See* 28 U.S.C. § 1915(a).

[3]  Although not incarcerated at the time she commenced this matter, Petitioner evidently meets the "in custody" requirement. *See Justices of Boson Mun. Ct. v. Lydon*, 466 U.S. 294, 300-02 (1984) (finding that petitioner was "in custody" where his municipal court conviction was

8

either been exhausted or the state courts have refused to accept or act on her various motions and filings. (*See id.* at 2 (stating that Petitioner filed a motion to void the warrant but it was never docketed), 6-8 (indicating that Petitioner presented all four grounds in all appeals that were available to her).) However, "to exhaust state court remedies, a petitioner must 'invoke one complete round of the state's established appellate review process' before [she] can present [her] habeas claim to the federal court." *Lewer v. Scott*, No. 24-4342, 2024 WL 2974243, at *1 (D.N.J. June 12, 2024) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "In New Jersey, one must first presen[t] the claims to the state trial and appellate courts, and in a petition for review in the New Jersey Supreme Court." *Id.* (alteration in original) (quoting *Lincoln v. Owens*, 2016 WL 884641, at *2 (D.N.J. Mar. 8, 2016)). Petitioner has not exhausted her claims through the state's established appellate review process. *See id.* at *2 (noting, *inter alia,* that the practice of exercising federal habeas power before the question has been raised or determined in the state court system ought not to be encouraged and that the state courts are also responsible for protecting the accused's federal constitutional rights).

Furthermore, Petitioner has failed to establish extraordinary circumstances necessary for the Court to exercise its pre-trial habeas jurisdiction. There is nothing "extraordinary" about the claims Petitioner raises, which include claims of "[l]ack of [s]ervice and [v]oid [w]arrants," improper hearings, conflicts of interest, fraudulent docketing practices, and false arrests. (ECF No. 4 at 6-8.) "Petitioner, therefore, appears to be attempting to prematurely raise her criminal defenses via habeas, a tactic Third Circuit caselaw will not allow." *Clemons v. Atl. Cnty. Super.*

---

vacated when he applied for a trial de novo but his release on personal recognizance was subject to conditions such as that he would appear when ordered by the court and that he would waive extradition if apprehended outside the state); *Hensley v. Mun. Ct.*, 411 U.S. 345, 345-53 (1973) (concluding that habeas petitioner released on his own recognizance after his conviction, suffering restraints on his freedom of movement not shared by the public generally, met "in custody" requirement).

9

*Ct.*, No. 25-14183, 2025 WL 2642256, at *2 (D.N.J. Sept. 10, 2025) (citing *Duran*, 393 F.3d at 4; *Moore*, 515 F.2d at 445).

At least some of Petitioner's assertions bear the hallmarks of a "sovereign citizen" litigant. For instance, Petitioner insists that "she appears only" as "Joanna=Malgorzata: Niewiadomski" and that different spellings and "shifting of names between ALL-CAPS, mixed case, and inverted surname format shows intentional manipulation of captions, parties, and jurisdiction." (ECF No. 2 at 2, 4; *see also* ECF No. 4 at 8); *Stepney v. Anderson*, No. 20-2476, 2020 WL 2079241, at *2 (D.N.J. Apr. 29, 2020) (stating that apparent "sovereign citizen" alleged that "he is not the same person as the 'artificial person' defendant in his criminal cases as that 'artificial person's' name appears differently than the idiosyncratic way in which Petitioner writes his own name")). "Sovereign immunity" claims do not constitute extraordinary circumstances warranting federal court intervention in an ongoing state criminal proceeding. *See Brown v. Fewell*, No. 22-364, 2022 WL 14140957, at *2-3 (W.D. Pa. Mar. 22, 2022) (concluding that underlying "sovereign citizen/redemptionist" claim was frivolous, abusive, and did not provide extraordinary circumstances to justify interference with the normal functioning of the state criminal process), *R&R adopted by* 2022 WL 14021502 (W.D. Pa. Oct. 24, 2022).

"Additionally, it is worth noting the applicability of the *Younger v. Harris,* 401 U.S. 37 (1971) abstention doctrine in this case." *Carstarphen v. Camden Cnty. Corr. Facility Warden*, No. 14-4596, 2014 WL 4723150, at *3 (D.N.J. Sept. 19, 2014). This doctrine provides that, "absent a showing of bad faith or an intent to harass, federal courts should decline requests to enjoin state criminal prosecutions, 'particularly . . . when the moving party has an adequate remedy in state court.'" *Gonzalez v. Waterfront Comm'n of the N.Y. Harbor*, 755 F.3d 176, 180 (3d Cir. 2014) (cleaned up). Here, Petitioner has not showed either bad faith or an intent to harass and has

failed to exhaust her state court remedies. Accordingly, the *Younger* doctrine supports the dismissal of the habeas petition. In addition, as to her request for injunctive relief, Petitioner cannot demonstrate a likelihood of success on the merits because the Court must "abstain from the issuance of injunctions directed to state court criminal prosecutions."[4] *Campbell v. Somerdale Police Dep't*, No. 15-3585, 2015 WL 4508339, at *1 (D.N.J. Jul. 24, 2015).

To the extent that the Amended Petition could be construed as challenging detention "aris[ing] out of process issued by a State court," Petitioner may not appeal the dismissal of the Amended Petition unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). If the "district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate should issue if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack*, 529 U.S. at 484. Applying these standards, this Court finds that a certificate of appealability shall not issue in this case.

---

[4] Petitioner further refers, *inter alia*, to violations of the ADA and 42 U.S.C. § 1983 as well as an apparent civil proceeding in the Somerset County Superior Court, which is related to her criminal cases. (*See* ECF Nos. 2, 4.) The Court dismisses the Amended Petition without prejudice to Petitioner filing a *new* civil action, along with the proper filing fee or an application to proceed IFP.

## IV.  CONCLUSION

For the reasons set forth above, and other good cause shown, the IFP Application is **GRANTED,** the Amended Petition is **DISMISSED without prejudice**, Petitioner's Motion for Emergency Stay is **DENIED**, and her Request for Immediate Ruling is **DENIED as moot**. No certificate of appealability shall issue. An appropriate Order follows.

DATED: September 29, 2025

*Georgette Castner*
**GEORGETTE CASTNER**
**United States District Judge**